United States District Court
Southern District of Texas

**ENTERED**

April 21, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| SHERRI ELLIS-YOUNG, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-26-321 |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | § § § § | |
| Defendant. | § § § | |

**MEMORANDUM AND OPINION**

This is an ERISA dispute over disability benefits. Sherri Ellis-Young had a disability insurance policy through her employment at JPMorgan Chase. (Docket Entry No. 1 ¶¶ 9–11). The Prudential Insurance Company of America was the claims administrator for that policy. (*Id.*). Ellis-Young alleges that she "suffers from multiple medical conditions resulting in both exertional and nonexertional impairments," which cause "chronic pain and limitations," and from "anxiety, depression and visual impairments." (*Id.* ¶¶ 56–59). Prudential approved long-term disability benefits for Ellis-Young from May 12, 2022, to January 31, 2023. (*Id.* ¶ 36). Prudential stopped providing her disability benefits on February 3, 2023. (*Id.* ¶ 38). Prudential's termination letter stated that Ellis-Young was no longer disabled under the policy and allowed her "180 days to appeal this decision." (*Id.* ¶ 39).

Prudential answered Ellis-Young's complaint, (Docket Entry No. 11), and moved for judgment on the pleadings, (Docket Entry No. 14), which this court construes as a motion for summary judgment, *see* FED. R. CIV. P. 12(d),[1] and, for the reasons below, grants.

---

[1] At the initial conference, the parties did not identify any additional documents that the court needed to review to consider fully whether Ellis-Young exhausted her administrative remedies.

Prudential argues that Ellis-Young did not exhaust her administrative remedies because she did not timely appeal its denial of her long-term disability benefits. (Docket Entry No. 14 at 7–9). ERISA includes an administrative exhaustion requirement. *See Gonzalez v. Aztex Advantage*, 547 F. App'x 424, 427–28 (5th Cir. 2013) (per curiam); *Mem'l Hermann Health System v. S.W. LTC, Ltd.*, Case No. 4:14-cv-02572, 2016 WL 3526137, at *6 (S.D. Tex. 2016), *aff'd*, 683 F. App'x 274 (5th Cir. 2017). Failure to exhaust a plan's internal appellate procedures can result in dismissal of a plaintiff's claim. *See, e.g.*, *Holmes v. Proctor & Gamble Disability Benefit Plan*, 228 F. App'x 377, 378–79 (5th Cir. 2007) (per curiam); *Swanson v. Hearst Corp. Long Term Disability Plan*, 586 F.3d 1016, 1018–19 (5th Cir. 2009) (per curiam). A district court reviews the plan administrator's decisions de novo, unless a different standard is provided in the plan documents. *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008).

JPMorgan's Long Term Disability Coverage Booklet-Certificate provides that "[i]f your claim for benefits is denied, you or your representative may appeal your denied claim in writing to Prudential within 180 days of the receipt of the written notice of denial or 180 days from the date such claim is deemed denied." (Docket Entry No. 11-2 at 46). It provides further that "[i]f your claim for benefits is denied, in whole or in part, you or your authorized representative will receive a written notice from Prudential of your denial," which will include in part "a description of Prudential's appeals procedures and applicable time limits, including a statement of your right to bring a civil action under section 502(a) of ERISA following your appeals." (*Id.* at 45).

When Prudential denied Ellis-Young's plan benefits, it enclosed a notice of her appellate rights. (Docket Entry No. 11-1 at 3). The notice explained that the "appeal must be made in writing by you or your authorized representative, and submitted within 180 days of the date of receipt of this letter." (*Id.*) The notice stated that the appeal should include her control number,

2

social security number, the basis of her disagreement with the determination, and the medical evidence in support of her position. (*Id.*). The notice provided that the "written claim appeal should be submitted to Appeals Review Unit at the address listed" in the notice. (*Id.*). The notice also stated that, due to the COVID-19 pandemic, the 180-day appeal period would begin to run on the earlier of (a) the first day following the sixty (60)-day period after the announced end of the presidentially declared National Emergency due to COVID-19 or (b) one (1) year from the date of the Denial Letter. (*See id.*).

The presidentially declared National Emergency due to COVID-19 ended on May 11, 2023. *United States v. Leon*, No. 9:10-CR-29(1), 2025 WL 3496919, at *9 (E.D. Tex. Dec. 4, 2025). Ellis-Young's appeal deadline was Saturday, January 6, 2024 (or January 8, 2024, if tolled to Monday).

On February 13, 2023, Ellis-Young sent a letter to Prudential stating:

> Please note that I will be fling an appeal in regards to my denial of Long term Disability Benefits based on the fact that I am unable to read the computer due to blurred/loss of vision which effect my mental state and I have been having difficulty in coping with everyday task. Previously I sent a request to give my daughter Charrisse Y. Marsh all access to my information and she will be in contact with your office and my doctors during the appeal. Charrisse's contact telephone number is [REDACTED].
>
> In order to file the appeal please send my complete file from claim #13101811 so that I can reach out to doctors to clarify paperwork. After denial I did reach out to my doctors. All three doctors feel that your office is misreading the documents submitted. The forms sent to them is period form which mean that there was no change to my conditions as previously reported to you guys from previous months and that is why indication of no change. When I receive my complete file, I will review these forms with my doctor. Please also send to me any instructions on how to complete or any forms needed.

(Docket Entry No. 17-1).

On February 21, 2023, Prudential sent an SMS notification to Ellis-Young in response to the letter with the following notation: "Prudential Claim # 13101811: Courtesy Notification - A

3

new document - Appeal Request has been received.  We will review the document, and if needed,

contact you with any questions or next steps."  (Docket Entry No. 16 at 3).

On February 22, 2023, Ellis-Young's counsel sent a letter to Prudential.  The letter stated

in part:

> Please accept this letter as legal notice of Mrs. Sherri Ellis-Young's intent to
> appeal your decision denying benefits under the above referenced policy. This
> letter is tendered to comply with the notice deadline specified in your last denial
> letter transmitted to the claimant.
>
> We hereby ask for 180 days from the date of your denial letter to complete
> development of the administrative record. Further, we reserve the right to
> request additional time if so needed.

(*Id.*).

On February 24, 2023, Prudential sent a letter to Ellis-Young's counsel stating that it

"received a letter from your office advising us of the intent to appeal and request for a copy of Ms.

Ellis-Young's claim file."  (Docket Entry No. 11-4 at 2).  Prudential sent the claim file to Ellis-

Young's counsel on February 27, 2023.  (Docket Entry No. 16 at 3–4; Docket Entry No. 11-4 at

2).  Ellis-Young's counsel called Prudential in June 2023, advising that it did not receive the claim

file.  (Docket Entry No. 11-4 at 2).  Although Prudential confirmed it had sent the file on a flash

drive in February 2023, it sent another copy to Ellis-Young on June 27, 2023.  (*Id.*).

On January 5, 2024, Ellis-Young's counsel requested an update on the appeal.  (*Id.*).

Prudential called back and "left a message confirming that, to date, [it] had not received any appeal

request from [their] office."  (*Id.*).  Ellis-Young's counsel requested another update on September

10, 2025.  (*Id.* at 3).  Prudential sent a letter the next day advising him of the case's chronology

and explaining that it never received an appeal for the claim.  (*Id.*).  On September 16, 2025, Ellis-

Young's counsel sent a letter "brief" with attached medical records disputing Prudential's decision

denying Ellis-Young benefits.  (Docket Entry No. 11-3 at 1).

On this record, Ellis-Young did not exhaust her administrative remedies because she failed to appeal timely Prudential's denial of her disability benefits.  Fifth Circuit cases have repeatedly held that an intention to appeal an ERISA administrator's denial of benefits is not an appeal of a denial of benefits.  In *Holmes*, the Fifth Circuit held that the plaintiff did not substantially comply with the plan's appellate procedures because the plaintiff "stated only his intent to appeal the Plan's decision at some time in the future."  *Holmes*, 228 F. App'x at 379 (emphasis omitted).  The Fifth Circuit emphasized that the plaintiff's letter expressing an intent to appeal was not an actual appeal because "Holmes' attorney requested Holmes' personnel file in order to prepare an appeal."  *Id.* The Fifth Circuit added that the Plan "contacted Holmes' attorney" and "gave clear indication that his April 2004 letter was *not* an appeal," a fact that Holmes' attorney acknowledged when he later asked "for an extension to the 180–day appeal deadline."  *Id.*  The Fifth Circuit reached the same result in *Swanson*, where the plaintiff's letter to the plan administrator "merely expressed an 'intention to appeal'"; "included no factual or substantive arguments, and no evidence" in the intent-to-appeal letter; and, as a result, provided "no basis to require" the plan administrator to issue a decision within 45 days after it received the plaintiff's letter.  586 F.3d at 1018–19 (quoting *Holmes*, 228 Fed. App'x at 379).

This case is not distinguishable from *Holmes* and *Swanson*.  First, each letter sent to Prudential clearly expresses a mere intent to appeal.  The February 13, 2023, letter stated that Ellis-Young "will be [filing] an appeal," (Docket Entry No. 17-1), and the February 22, 2023, letter provided "legal notice of Mrs. Sherri Ellis-Young's intent to appeal," (Docket Entry No. 16 at 3). Second, Ellis-Young repeatedly requested additional information so that she could file a proper appeal.  (Docket Entry No. 17-1; Docket Entry No. 16 at 3).  Third, Prudential told Ellis-Young that she did not appeal but filed "intent to appeal and request for a copy of Ms. Ellis-Young's claim

5

file." (Docket Entry No. 11-4 at 2). It did the same when Ellis-Young's counsel inquired about the case in January 2024. (*Id.*). Fourth, Ellis-Young did not submit to Prudential any factual or substantive arguments or evidence explaining her disagreement with its denial until September 2025, (Docket Entry No. 11-3), even though the notice of Ellis-Young's appellate rights stated that the appeal should contain "the reasons" she disagreed and the "[m]edical evidence or information to support" her "position," (Docket Entry No. 11-1 at 5). This case has all the material facts that led to dismissal in *Holmes* and *Swanson*.

The court does not find persuasive Ellis-Young's fallback argument that the administrative-exhaustion requirement should be excused. (Docket Entry No. 16 at 8–9). The Fifth Circuit rejected such an argument in *Swanson*. The Fifth Circuit explained that a plan administrator should be estopped from enforcing the exhaustion requirement where "various officials" lead the plaintiff "on a wild goose chase, effectively extinguishing his time to apply for benefits." *Swanson*, 586 F.3d at 1019 (quoting *Bourgeois v. Pension Plan for Emps. of Santa Fe Int'l Corps.*, 215 F.3d 475, 481 (5th Cir. 2000)). But the *Swanson* court found its facts materially different. The court "ascribe[d] no fault to" the Plan "for failing to rule on the merits of the appeal" because "there was no valid appeal on which to rule." *Id.* The plan administrator "notified" the plaintiff "of the Plan's 180–day appeal deadline at the outset" and "forwarded her file to counsel within that time period, including notations indicating that" the plan administrator "did not consider the" plaintiff's letters to constitute appeals. *Id.* There was "no provision of the Plan or any other source of law that would obligate [the plan administrator] to send further notices or reminders before concluding that [the plaintiff] failed to timely appeal." *Id.* As discussed, the facts of Ellis-Young's case are no different. This is not a case "where the ERISA plan affirmatively misled the applicant." *Id.* There is no basis to excuse Ellis-Young's exhaustion obligations.

6

For these reasons, the court grants Prudential's motion for judgment on the pleadings, (Docket Entry No. 14), which it construes as a motion for summary judgment, *see* FED. R. CIV. P. 12(d).  A final judgment is entered separately.

SIGNED on April 21, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge